UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPERANZA MARCHBANKS,<br><br>　　　　Plaintiff,<br>　　　v.<br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>　　　　Defendant. | ) No. SA CV 13-1778-AS<br>)<br>)<br>) **MEMORANDUM AND OPINION**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PROCEEDINGS**

　　　Plaintiff Esperanza Marchbanks ("Plaintiff"), asserts disability since March 7, 2007, based on alleged physical impairments. (A.R. 186—192, 224). The Administrative Law Judge ("ALJ") examined the Certified Administrative Record ("A.R.") and heard testimony from Plaintiff and a vocational expert ("VE") on July 20, 2011, and April 4, 2012. (A.R. 73—131). On May 1, 2012, the ALJ denied Plaintiff

benefits in a written decision. (A.R. 20—42). On July 15, 2013, the Appeals Council denied review. (A.R. 5—10).

On November 19, 2013, Plaintiff filed a Complaint, pursuant to 42 U.S.C. § 405(g), alleging that the Social Security Administration erred in denying her disability benefits (Docket Entry No. 3). On April 15, 2014, Defendant filed an Answer to the Complaint (Docket Entry No. 13), and the Certified Administrative Record (Docket Entry No. 14). The parties have consented to proceed before a United States Magistrate Judge (Docket Entry Nos. 9, 10). On October 23, 2014, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions on Plaintiff's claim (Docket Entry No. 22).

**RELEVANT ADMINISTRATIVE FINDINGS**

Based on a review of the record and testimony from a VE, the ALJ found, at step five, that Plaintiff did not have the residual functional capacity ("RFC") to return to her past relevant work as a home health aide, a certified nursing assistant, or a cashier/checker. (A.R. 36). The ALJ did find, however, that Plaintiff could work as a "bakery worker conveyer line" or a "counter clerk photo finishing." (A.R. 37). The VE, relying on the Dictionary of Occupational Titles ("DOT"), testified that these jobs existed in significant numbers in both the local and national economies. (A.R. 37, 101).

**STANDARD OF REVIEW**

This court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. Smolen v. Chatter, 80 F.3d 1273, 1279 (9th Cir. 1996). "[I]f evidence can reasonably support either affirming or reversing the ALJ's conclusion, [a] court may not substitute its judgment for that of the ALJ." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1196 (9th Cir. 2004).

**DISCUSSION**

Plaintiff contends that the ALJ erred in finding that a substantial number of "bakery worker conveyer line" and "counter clerk photo finishing" jobs exist nationally. (Joint Stip. 4—11). In support of this claim, Plaintiff claims that statistics found in the Occupational Outlook Handbook ("OOH") conflict greatly with those found in the DOT, on which the VE relied. However, Plaintiff, who was represented by counsel at the administrative hearing, did not raise this issue before the ALJ or before the Appeals Council. Therefore, this Court must determine whether or not it can consider the new evidence for the first time on appeal.

"[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (affirming decision of the ALJ because plaintiff had

waived the issues related to new statistical evidence that was introduced for the first time on appeal). This is true in the case of new statistical evidence, as "[t]he ALJ, rather than this Court, [is] in the optimal position to resolve the conflict between [a claimant's] new evidence and the statistical evidence provided by the VE." Id. Here, the Court's consideration of the new evidence would "deprive[] the Commissioner of an opportunity to weigh and evaluate that evidence."[1] Silveira v. Apfel, 204 F.3d 1257, 1260 fn. 8 (9th Cir. 2000). The Court finds that because Plaintiff was represented by counsel at her hearing before the ALJ and failed to raise this issue at the hearing, seek reconsideration of the ALJ's decision, or raise this issue before the Appeals Council, she has waived the issue on appeal. As a result, this Court's determination of whether the ALJ erred is limited to a review of the record at the time of the administrative hearing, and the additional evidence submitted to the Appeals Council.[2]

---

[1] If an issue is "a pure question of law and the Commissioner will not be unfairly prejudiced by [Plaintiff's] failure to raise the issue below," it may be raised for the first time on appeal. Silveira v. Apfel, 204 F.3d at 1260 fn. 8 (citing United States v. Thornburg, 82 F.3d 886, 890 (9th Cir. 1996)). This principal does not apply here because the new statistical *evidence* that Plaintiff raises on appeal is a question of fact.

[2] The additional evidence submitted to the Appeals Council consisted of a single brief that does not mention the issue that Plaintiff now raises before this Court. (A.R. 296—300).

**CONCLUSION**

The only issue that Plaintiff has raised is one which has been waived because it was not raised below. (Joint Stip. 4). Both parties have stipulated to the accuracy of the ALJ's medical and non-medical evidentiary findings. (Id.) As a result, the decision of the ALJ need not be examined, as there is no contention that the ALJ erred in any of her other findings.

**ORDER**

For all of the forgoing reasons, the decision of the Administrative Law Judge is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 4, 2014

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE